Terry L. **THACKER,** Plaintiff–Appellant,

v.

**SOCIAL SECURITY ADMINISTRATION,** Defendant–Appellee.

No. 03–5667.

United States Court of Appeals, Sixth Circuit.

March 12, 2004.

726

John H. Callis, III, Kirk Law Firm, Paintsville, KY, for Plaintiff–Appellant.

John S. Osborn, III, Asst. U.S. Attorney, Lexington, KY, Elyse Sharfman, Dennis R. Williams, Mary Ann Sloan, Simone Pereira, Social Security Administration, Office of General Counsel, Atlanta, GA, for Defendant–Appellee.

Before MARTIN, CLAY, and CUDAHY,* Circuit Judges.

*ORDER*

Terry L. Thacker, a Kentucky resident represented by counsel, appeals a district court judgment affirming the Commissioner's denial of his applications for social security disability insurance benefits and for supplemental security income benefits. The parties have waived oral argument and the panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

Thacker filed applications for social security disability insurance benefits and for supplemental security income benefits on October 28, 1999. Thacker was born on September 23, 1956, and has a high school education. He previously worked as an apartment complex maintenance supervisor, an auto-body repair shop owner/repairer, a mine electrician, a photographer, a security guard, and a car dealership warranty clerk/service writer. Thacker was allegedly disabled due to a reduced breathing capacity and a collapsed lung. Thacker also testified that he has an impaired right hip, ulcers, and depression.

After a hearing, an administrative law judge (ALJ) found that Thacker could perform a substantial number of jobs in the national economy. Therefore, the ALJ denied benefits. The Appeals Council declined to review the ALJ's decision. Thacker then filed a civil action seeking judicial review of the Commissioner's decision. The district court affirmed the denial of benefits and granted judgment to the Commissioner.

The court's review is limited to determining whether there is substantial evidence in the record to support the ALJ's findings of fact and whether the ALJ applied the correct legal standards. *Key v. Callahan,* 109 F.3d 270, 273 (6th Cir.1997). The court must affirm the ALJ's decision if his findings and inferences are reasonably drawn from the record or supported by substantial evidence even if that evidence could support a contrary decision. *Id.*

Thacker contends that his impairments satisfy listings 1.02, 3.02, and 12.06 of Appendix 1. At step three of the evaluation process, it is the burden of the claimant to show that he meets or equals the listed

---

* The Honorable Richard D. Cudahy, United States Circuit Judge for the Seventh Circuit, sitting by designation.

impairment. *See Buress v. Sec'y of Health & Human Servs.*, 835 F.2d 139, 140 (6th Cir.1987). When a claimant alleges that he meets or equals a listed impairment, he must present specific medical findings that satisfy the various tests listed in the description of the applicable impairment or present medical evidence which describes how the impairment has such equivalency. *See Evans v. Sec'y of Health & Human Servs.*, 820 F.2d 161, 164 (6th Cir.1987).

■ Thacker argues that his hip fracture closely approximates section 1.02A. This listing concerns major dysfunctions of the joints. A major dysfunction of a joint under 1.02A must be caused by a gross anatomical deformity and chronic joint pain and stiffness with signs of limitation of motion or other abnormal motion of the affected joint, and findings on appropriate medically acceptable imaging of joint space narrowing, bony destruction, or ankylosis of the affected joint. In addition, there must be involvement of one major weight bearing joint resulting in the inability to ambulate effectively.

Thacker states that due to his hip injury, he is unable to ambulate effectively. However, Thacker did not require the use of an ambulating aid. To the contrary, it was reported that Thacker ambulated with a normal gait. He was able to walk on his heals and toes without difficulty. He could squat without difficulty. An examination showed no evidence of redness, warmth, or swelling in the hips. Therefore, the medical evidence does not show that Thacker's hip condition satisfies listing 1.02A.

■ Thacker also asserts that he satisfies listing 3.02A because he had three out of five pulmonary function tests results which indicated an $FEV_1$ below the listed 1.55 $FEV_1$ criteria required for an individual of his height. The listing specifies that the results should be the largest of at least three satisfactory forced expiratory maneuvers and the test should be repeated after an administration of a bronchodilator. 20 C.F.R. Part 404, Subpart P, Appendix 1, § 3.00E. Thacker cites his examination performed on October 27, 1999, which revealed an $FEV_1$ rating of 1.16. However, only one maneuver was performed. Therefore, this rating is insufficient to satisfy listing 3.02A. Thacker also cites his examination of October 3, 2000, which revealed an $FEV_1$ rating below 1.55 on two of the three maneuvers. However, one of the three maneuvers revealed an $FEV_1$ rating of 1.59 which is above the 1.55 level required by listing 3.02A. In addition, no maneuver was performed post-bronchodilator. On June 12, 2001, a maneuver performed post-bronchodilator revealed an $FEV_1$ of 1.86. Therefore, none of the pulmonary functions test results, when performed pursuant to the criteria of listing 3.00E, were sufficiently low to meet listing 3.02A. Thacker also contends that his mental impairment meets listing 12.06, which concerns anxiety related disorders. Thacker was diagnosed with an adjustment disorder. The ALJ found that Thacker met some of the "A" criteria of § 12.08. This listing concerns personality disorders. The ALJ evaluated Thacker under listing 12.08 rather than 12.06. However, the "B" criteria analysis is the same for both listings. In order to satisfy the "B" criteria of the listings, the claimant must show at least two of the following: 1) marked restrictions in activities and daily living; 2) marked difficulties in maintaining social functioning; 3) marked restrictions in maintaining concentration, persistence, or pace; or 4) repeated episodes of decomposition, each of an extended duration. 20 C.F.R. Part 404, Subpart P, Appendix 1 §§ 12.06B, 12.08B.

An evaluation of the evidence under the "B" criteria revealed that Thacker did not have the mental impairment that met or

equaled any listing. The record reveals that Thacker's daily activities involve watching television, sitting on the porch, and building model automobiles. He cares for his personal hygiene. He was able to drive for short periods of time. A consultative examiner, Dr. Harrison, noted that although Thacker stated that his wife was responsible for paying the bills and purchasing household items, these activities appeared to be more of a convenience rather than Thacker's inability to perform the tasks.

As for his social functioning, Thacker testified that he stays in the house. During a consultative examination, Thacker reported participating in outpatient treatment to address his emotional needs. He sees a therapist approximately one or two times a month for counseling. Thacker's treatment notes indicate that he is cooperative, friendly, alert, and attentive. The ALJ found that Thacker showed moderate difficulties in social functioning.

An examination found Thacker to be oriented in person, place, and time. His thoughts were clear, coherent, and relevant. His remote memory was good. Thacker's ability to maintain attention and concentration was determined to be fair, but satisfactory. The ALJ found Thacker to show moderate deficiency in concentration, persistence, and pace.

The record did not reveal that Thacker experienced any episodes of deterioration or decomposition in a work or work-like setting. Therefore, the medical evidence does not show that Thacker satisfies the criteria of § 12.06 of Appendix 1.

■ Thacker contends that even though he may not meet one of the listed impairments, the combination of impairments is sufficient to render him disabled. As previously noted, Thacker's medical conditions do not satisfy listings 1.00, 3.00, or 12.00. Further, there is no evidence in the record that indicates that the combination of these impairments have rendered Thacker disabled. As the ALJ considered Thacker's impairments in combination, and this conclusion is supported by the record, the Commissioner's decision that Thacker's impairments in combination were not disabling is supported by substantial evidence.

■ Thacker argues that the ALJ erred in concluding that his testimony was not credible. However, this issue was not raised in the district court. Therefore, it is not reviewable on appeal. *Young v. Sec'y of Health & Human Servs.*, 925 F.2d 146, 149 (6th Cir.1990).

■ Finally, Thacker states that the ALJ erred in determining that he could perform light or sedentary work. The ALJ obtained the testimony of a vocational expert to determine whether there were a substantial number of jobs in the economy which Thacker could perform. The ALJ presented a lengthy hypothetical question to the vocational expert which represented Thacker's physical and mental limitations resulting from his various impairments. The vocational expert testified that Thacker could perform a wide range of light and sedentary work. As the vocational expert's testimony establishes a substantial number of jobs which Thacker could perform, the decision of the Commissioner that Thacker was not disabled is supported by substantial evidence. *See Varley v. Sec'y of Health & Human Servs.*, 820 F.2d 777, 779 (6th Cir.1987).

Accordingly, we affirm the district court's judgment.